**Mutulu SHAKUR, Plaintiff,**

v.

**FEDERAL BUREAU OF PRISONS, et al., Defendants.**

**Civil Action No. 96–00646.**

United States District Court, District of Columbia.

Jan. 6, 1997.

Gilda Sherrod–Ali, Alake Johnson–Ford, Washington, DC, for plaintiff.

John Michael Facciola, U.S. Attorney's Office, Washington, DC, for defendants.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This matter is before the Court on Defendants' motion to transfer this case to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a). The Court heard argument on the motion on December 19, 1996.

Plaintiff is a prisoner who is represented by counsel in this matter. He has recently been transferred to the United States Penitentiary in Atlanta, Georgia, his fourth transfer in the past three years.[1] Plaintiff has

---

1. Plaintiff was convicted of bank robbery murder, among other crimes, in 1988 and was sentenced to the Federal Correctional Institution in Lompoc, California. He was transferred in 1993 to the U.S. Penitentiary in Lewisburg, Pennsylvania and was transferred subsequently, to the U.S. Penitentiary in Marion, Illinois in 1994 and then to the Federal Penal Institution in Florence, Colorado ("Florence."). Plaintiff was incarcerated at Florence when he filed this lawsuit in April 1996. Defendants moved to transfer this case to the U.S. District Court for the District of Colorado in June 1996 and amended their motion to transfer this case to the U.S. District Court for

filed suit in this court, naming 36 defendants at the various institutions where he has been incarcerated and alleging violations of his rights under the First, Fifth and Eighth Amendments. He seeks injunctive relief; removal of allegedly false information from his institutional file; and placement in a lesser restrictive status of the general prison population in a facility near his family.

Defendants argue that a prisoner's case that is based on complaints concerning the circumstances of his individual confinement should ordinarily be transferred to the judicial district in which he is confined, pursuant to 28 U.S.C. § 1404(a). *Starnes v. McGuire*, 512 F.2d 918 (D.C.Cir.1974). While the *Starnes* court acknowledged that "other factors [may] dictate retention of the action," [2] Defendants argue that no such factors exist in this case. Plaintiff argues that this Court should retain jurisdiction since a plaintiff's choice of forum should generally be honored and because this Plaintiff challenges "Bureau of Prison policy" which is formulated in Washington, D.C.

The parties have taken extreme positions in this case. The implication of Defendants' argument is that *Starnes* effectively created a *per se* rule requiring transfer of a prisoner's case to the site of incarceration. If one accepts Defendants' argument—and if Plaintiff continues to be moved as frequently as he has been moved in the past—then this case might never be heard. But this Court is not prepared to allow plaintiffs to ignore venue rules, either—nor is it prepared to serve as a "national court of prisons" for any prisoner who would seek to challenge "Bureau of Prisons policy."

The decision in this case turns on its unique facts. Plaintiff has been moved frequently in the past and may be transferred again while this case is at bar. Indeed, the reason for Plaintiff's frequent transfers is a part of Plaintiff's case. Moreover, Plaintiff has retained counsel who resides in the District of Columbia. Plaintiff's counsel has represented to this Court that she would be unable to continue to represent Plaintiff if

she has to appear in the various jurisdictions to which Plaintiff may be transferred.

The Court has concluded that this case would be most readily advanced if it retains jurisdiction. The Court comes to this decision without consideration of the merits of Plaintiff's complaint.

Defendants' motion to transfer this case to the Northern District of Georgia will be denied. An appropriate order is attached hereto.

## ORDER

This matter is before the Court on Defendants' motion to transfer this case to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a). The Court heard argument on December 19, 1996 and has considered the motion and the opposition thereto. For the reasons stated in the accompanying Memorandum Opinion, it is hereby **OR-DERED** that Defendants' motion to transfer this case be **DENIED.**

---

the Northern District of Georgia after Plaintiff was transferred to the U.S. Penitentiary in Atlanta, Georgia in September 1996.

